J-S15005-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERRAN ANDERSON | : | |
| | : | |
| Appellant | : | No. 580 EDA 2025 |

Appeal from the Judgment of Sentence Entered January 21, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002790-2022

BEFORE: OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.: **FILED JUNE 8, 2026**

Appellant, Derran Anderson, appeals from the judgment of sentence entered on January 21, 2025, which followed the revocation of his probation after the trial court found that Appellant committed new crimes. On appeal, Appellant challenges the discretionary aspects of his revocation sentence. Because we have determined Appellant fails to properly invoke this Court's jurisdiction to challenge the discretionary aspects of sentencing, we dismiss the appeal.

We briefly summarize the facts and procedural history of this case as follows. Following a bench trial on March 17, 2023, the trial court convicted Appellant of possession of a firearm by a prohibited person, carrying a firearm

_____

[*] Former Justice specially assigned to the Superior Court.

without a license, and carrying a firearm on the public streets of Philadelphia.[1] "On June 23, 2023, the [trial] court sentenced Appellant to an aggregate term of six (6) to twelve (12) months' imprisonment, followed by three (3) years of probation." *See Commonwealth v. Anderson*, 329 A.3d 599, at *1 (Pa. Super. 2024) (non-precedential decision). We affirmed Appellant's judgment of sentence on October 2, 2024. On March 25, 2025, our Supreme Court denied further review. *See Commonwealth v. Anderson*, 335 A.3d 1005 (Pa. 2025). While serving the probationary portion of his above-mentioned sentence, Appellant, on September 5, 2024, was convicted of new firearm offenses. More specifically, Appellant was convicted of possession of a firearm by a prohibited person, carrying a firearm without a license, and carrying a firearm on the public streets of Philadelphia.[2]

On January 9, 2025, Appellant appeared for sentencing on his new convictions, followed by a violation of probation hearing. On the new charges, the trial court sentenced Appellant to 11½ to 23 months of incarceration. As a result of the commission of these new crimes, the trial court found Appellant in violation of his probation, revoked his supervision, and resentenced Appellant to 6 to 12 months of incarceration followed by 3 years of probation.

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), and 6108, respectively.

[2] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), and 6108, respectively.

Appellant's revocation sentence was imposed currently to the sentence for the new crimes. This timely appeal resulted.[3]

On appeal, Appellant presents the following issues for our review:

I.    Whether the trial court abused its discretion in revoking Appellant's probation and imposing a sentence of total confinement of six to twelve months [of incarceration] where the court failed to consider the statutory factors required under 42 Pa.C.S.[A.] § 9771 and failed to articulate adequate reasons for the sentence required by 42 Pa.C.S.[A.] § 9721(b)?

II.   Whether the sentence imposed was manifestly excessive and contrary to the fundamental norms underlying the sentencing process where the court failed to consider alternative forms of punishment and the rehabilitative needs of [] Appellant?

Appellant's Brief at 3.

Although Appellant's first issue purports to challenge the revocation of his probation, the argument section of Appellant's brief does not develop his bald assertion with citations to legal authority or the certified record and we consider; hence, we find any challenge to revocation waived. *See In re C.R.*, 113 A.3d 328, 336 (Pa. Super. 2015) ("This Court will not consider an argument where an appellant fails to cite to any legal authority or otherwise develop the issue."); *see also* Pa.R.A.P. 2119(c) ("[T]he argument must set forth … a reference to the place in the record where the evidence may be found."). Moreover, in Appellant's concise statement of errors complained of

---

[3] After the grant of an extension of time, Appellant filed a timely post-sentence motion and a timely notice of appeal. Thereafter, the trial court and Appellant complied timely with Pa.R.A.P. 1925.

on appeal pursuant to Pa.R.A.P. 1925(b), Appellant merely alleged that the trial court's sentence, following revocation, "was unduly excessive affecting the discretionary aspects of sentencing and the court failed to consider the specific and individual needs of [Appellant] in resentencing [Appellant] on his violation of probation." Appellant's Rule 1925(b) Statement, 2/24/2025, at ¶1. Because Appellant failed to revocation in his concise statement, he did not preserve the claim below and cannot allege this error for the first time on appeal. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); **see also** Pa.R.A.P. 302(a).

Lastly, the trial court's decision to revoke Appellant's probation and to imposes a sentence of total incarceration did not implicate the recent restrictions imposed on the court's discretionary authority under 42 Pa.C.S.A. § 9771. An *en banc* panel of this Court recently reiterated:

> [W]hen resentencing a probationer following a revocation of probation, section 9771(b) generally authorizes the sentencing court to **exercise its discretion** to choose among the same sentencing alternatives that were available at the time of the initial sentencing. 42 Pa.C.S.A. § 9771(b); **see also id.** § 9721(a). The plain language of the statute, however, limits this discretion, in relevant part, for resentences to terms of incarceration. **Id.** Section 9771(c) contains an express "presumption" that total confinement is not warranted for technical violations of probation and authorizes the court to impose a term of imprisonment "only if" one of the statutory prerequisites in subsection (1) exist. **Id.** § 9771(c)(1). [...A]nother criminal conviction [qualifies as a

statutory prerequisite.[4]] If the Commonwealth satisfies its burden of proving one of the three exceptions to the prohibition against incarceration for technical violations of probation, **only then does the trial court have discretion to impose a resentence** of total confinement. *See id.* § 9771(c) (providing that the trial court "may impose a sentence of total confinement" if the Commonwealth establishes one of the enumerated exceptions to the presumption against total confinement of technical probation violators). In the absence of the requisite proof of one of the three exceptions, however, the trial court has no such discretion and is prohibited from issuing a sentence of incarceration for a technical probation violation. *Id.* In other words, without the fulfillment of statutory preconditions, [S]ection 9771(c) strips the sentencing court of its customary authority to exercise discretion in sentencing.

*Commonwealth v. Seals*, 353 A.3d 747, 763–764 (Pa. Super. 2026) (*en banc*) (emphasis added). In this case, Appellant concedes that the trial court revoked his probation because he committed new crimes (*see* Appellant's Brief at 4); hence, under 42 Pa.C.S.A. §§ 9771(b) and (c)(1)(i), the trial court possessed express statutory authority to revoke Appellant's supervision and to impose a sentence of total confinement. *See* 42 Pa.C.S.A. §§ 9771(b) and (c)(1)(i). Accordingly, for all of the foregoing reasons, Appellant, within the context of this appeal, can only challenge the discretionary aspects of his revocation sentence.

There is no absolute right to appeal from the discretionary aspects of sentencing. *See Commonwealth v. Baker*, 311 A.3d 12, 18 (Pa. Super. 2024) (citation omitted) ("A challenge to the discretionary aspects of a

---

[4] *See* 42 Pa.C.S.A. § 9771(c)(1)(i) ("The court may impose a sentence of total confinement upon revocation only if … the defendant has been convicted of another crime.").

sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute.").

> Prior to reaching the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Warren*, 350 A.3d 1018, 1030–1031 (Pa. Super. 2025) (citation omitted). "Where an appellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth objects, the issue is waived for purposes of review." *Commonwealth v. Montgomery*, 861 A.2d 304, 308 (Pa. Super. 2004). In this case, Appellant has not included a separate Rule 2119(f) statement in his appellate brief, and the Commonwealth has objected to its omission. *See* Commonwealth's Brief at 9. Accordingly, we are precluded from addressing the merits of Appellant's discretionary sentencing challenge. *See Commonwealth v. Perzel*, 291 A.3d 38, 49 (Pa. Super. 2023) (where the Commonwealth "objects to a [Rule] 2119(f) omission … this Court is precluded from reviewing the merits of the claim and the appeal must be denied"); *see also Commonwealth v. Weir*, 201 A.3d 163, 175 (Pa. Super. 2018) ("We are precluded from reaching the merits of [an appellant's] discretionary sentencing claim when the Commonwealth lodges an objection to the omission of the [Rule 2119(f)] statement."). Because Appellant's

appeal solely challenges the discretionary aspects of sentencing, but he has failed to invoke our jurisdiction over those issues, we are constrained to dismiss the appeal.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/8/2026